**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 26 2013, 5:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM R. GROTH**
Fillenwarth Dennerline
Groth & Towe, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GEORGIA AMERSON, et al., | ) | |
| | ) | |
| Appellant-Petitioners, | ) | |
| | ) | |
| vs. | ) | No.  93A02-1301-EX-67 |
| | ) | |
| REVIEW BOARD OF THE DEPARTMENT OF WORKFORCE DEVELOPMENT, | ) | |
| | ) | |
| Appellee-Respondent | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DURHAM D&M, LLC, | ) | |
| | ) | |
| Party of Interest. | ) | |
| | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 12-R-05097

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

This is one of several cases before this Court that deals with a determination of the Review Board of the Department of Workforce Development (Review Board) that employee bus drivers and monitors of various school systems were not eligible for unemployment compensation because they were on unpaid vacation without remuneration because of their employer's regular vacation policy and practice pursuant to Indiana Code section 22-4-3-5. Here, Georgia Amerson, et al. (Appellants), employees of Durham D&M LLC (Durham), present the same arguments that the appellants set forth in D.B. v. Review Bd. of the Indiana Dept. of Workforce Development, handed down November 5, 2013: they argue that the Review Board incorrectly interpreted Indiana Code section 22-4-3-5 to find that Appellants were ineligible for unemployment compensation. No. A02-1301-EX-71, slip op. (Ind. Ct. App. Nov. 5, 2013).

## FACTS

Additionally, the facts in this case nearly mirror those in D.B.: Appellants are bus drivers and monitors employed by Durham to service Indiana Public Schools. Appellants follow the IPS calendar and do not work during the regularly scheduled summer recess. When the academic year resumes, employees return to work. In 2012, Appellants received no remuneration from June 12, 2012, the end of the school year, until August 6,

2

2012, when school reconvened. At the beginning of the scheduled summer recess, Appellants applied for, and began receiving, unemployment compensation. In mid-June of 2012 a Claims Deputy for the Department of Workforce Development denied benefits from last day of school, June 12, to the first day of school, August 6, because she determined that the summer recess was a customary vacation policy and practice of the employer. Appellants timely appealed, and on November 20, 2012, the Review Board held a hearing, where it determined that Appellants were "on a vacation week" without remuneration due to an employer's regular vacation policy and practice," within the meaning of Indiana Code section 22-4-3-5, and thus denied them unemployment compensation. Appellants now appeal.

DISCUSSION AND DECISION

Appellants argue, as did the appellants in D.B., that the Review Board erred when it failed to oblige the Department to promulgate a notice requirement pursuant to Indiana Code section 22-4-3-5(c), and contend that the Review Board interpreted the "vacation week" provisions of Indiana Code section 22-4-3-5 too broadly.

Citing and utilizing the same analysis this Court employed in D.B., we reject these arguments, and conclude that the Review Board interpreted Indiana Code section 22-4-3-5 in a reasonable manner, and therefore affirm the Review Board's decision. No. A02-1301-EX-71, slip op. at 5-18.

FRIEDLANDER, J., and VAIDIK, J., concur.

3